UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
AT GREEN BAY

IN THE MATTER OF THE COMPLAINT )
OF J. F. BRENNAN COMPANY, INC., ) Case No.:
FOR EXONERATION FROM, )
OR LIMITATION OF, LIABILITY. ) In Admiralty

## COMPLAINT

Plaintiff, J. F. Brennan Company, Inc. (hereafter "Plaintiff" or "Brennan"), states the following for its Complaint seeking exoneration from liability or, in the alternative, limitation of liability:

1. This action arises under the laws of the United States providing for limitation of a vessel owner's liability, 46 U.S.C. § 30501 - § 30512, and the various statutes, rules and regulations relating thereto. It is a cause of admiralty and maritime jurisdiction within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. This Court has jurisdiction pursuant to 28 U.S.C. §1333.

2. At all material times, Brennan was a corporation duly organized and existing under law and was the owner and/or operator of a certain John Deere 470G excavator ("John Deere 470G excavator") and a flotilla of eleven sectional Flexifloat barges ("Flexifloat barges") that would serve as a floating work platform for the John Deere excavator when it was used for dredging on the navigable waters of the United States.

3. At all material times, including the present, the John Deere 470G excavator and the Flexifloat barges were and are within this District.

4. On March 25, 2019, Brennan employee Jeffrey Helser ("Helser") sustained personal injuries while assisting other Brennan employees to prepare the John Deere 470G

excavator for use as a dredge. The incident involving the John Deere 470G excavator and Jeffrey Helser occurred on land near the Fox River in Green Bay, Wisconsin, within this District.

5. Brennan denies that on March 25, 2019 the John Deere 470G excavator was a vessel in navigation as defined by the General Maritime Law of the United States, the Limitation of Liability Act, and/or the Jones Act. Pleading in the alternative, and without waiving said position, Brennan files this Complaint for exoneration from, or limitation of, liability in the event it is alleged and determined that the John Deere 470G excavator was an appurtenance of a vessel in navigation.

6. In a letter dated May 23, 2019, Brennan received written correspondence from Helser's attorney advising that Helser will be filing a Complaint pursuant to the Jones Act, which is a federal statute providing a remedy for a seaman injured in the course of his employment because of the negligence of his employer.

7. Brennan denies that on March 25, 2019 Jeffrey Helser was a seaman as defined by the General Maritime Law, the Jones Act, or any other applicable law. Pleading in the alternative, and without waiving said position, Brennan files this Complaint for exoneration from, or limitation of, liability in the event it is alleged and determined Helser was employed as a seaman on March 25, 2019.

8. At this time, Brennan is not aware of any lawsuit being filed against it as a result of the March 25, 2019 incident.

9. Helser's injury and resulting damages, if any, were neither caused nor contributed to be caused by any fault, error, omission, negligence, unseaworthiness, or other fault of Brennan

or the John Deere 470G excavator or the Flexifloat barges, nor any person or entity for which Brennan or the John Deere 470G excavator or Flexifloat barges is responsible.

10. The aforementioned incident, injury, and/or damage occurred either as a result of factors for which no one was responsible, or were caused by, or contributed to be caused by, the negligence and/or other fault of third parties or other entities, or other conditions, for which Brennan should not be held liable, or were caused, in whole or in part, by the negligence and fault of Helser.

11. The aforementioned incident, injury, and/or damage were occasioned and occurred without the privity or knowledge of Brennan or its managing officers or agents.

12. Neither the John Deere 470G excavator nor the Flexifloat barges have been attached or arrested in any suit brought in connection with a claim arising out of the aforementioned incident.

13. Brennan believes that on March 25, 2019 the value of the John Deere 470G excavator and the Flexifloat barges did not exceed the sum of Five Hundred Thirty-five Thousand Dollars ($535,000.00). There was no freight pending at the time of the incident.

14. The claims against Brennan arising out of the aforementioned incident could exceed the value of the John Deere 470G excavator and the Flexifloat barges immediately after the incident.

15. Brennan claims and seeks exoneration from liability for any loss, injury, or damage occasioned or incurred by reason of the aforementioned incident involving the injury of Helser, and further alleges that it has valid defenses to those claims on the facts and on the law.

16. Alternatively, and without admitting any liability, Brennan claims the benefit of limitation of a vessel owner's liability provided under Title 46, United States Code, § 30505, and of the various statutes, rules and regulations supplemental thereto, and amendatory thereof. To that end, Brennan is ready and willing to proceed according to law and pursuant to the rules and practices of this honorable Court.

17. This Complaint is filed within six (6) months of the receipt by Brennan of a written claim for damages arising out of the incident on March 25, 2019.

18. Brennan alleges that this Complaint for exoneration from, or limitation of, liability asserted herein is also filed on behalf of its insurers, underwriters, and any agents that would be entitled to exoneration from or limitation of liability to the same extent as the owner.

19. No unsatisfied liens or claims of lien, or other demands, whether in contract or in tort or otherwise, other than those alleged above, arose from the aforesaid incident.

WHEREFORE, Plaintiff Brennan prays that:

a) In due course upon the motion of a party, in the event that this Court shall determine that the John Deere 470G excavator was an appurtenance of a vessel in navigation, then this Court will cause due appraisement to be made of the value of the interest of Brennan in the appropriate vessel immediately after Helser's injury;

b) This Court, upon written motion, will enter an order directing Brennan to file a stipulation, with a surety approved by the Court, for payment to the Court of the amount of the interest of Brennan in the appropriate vessel whenever the Court shall so order;

c) This Court, upon written motion, will enter an Order directing that on the giving of such a stipulation as may be determined to be proper, or of a letter of undertaking or ad

4

interim stipulation as will be offered by Brennan, then the institution or further prosecution of any and all actions, suits, and legal proceedings of any nature or description with respect to the matters alleged in this Complaint, in any jurisdiction, except in the present proceeding, against Brennan or its agents or representatives, or any other person for whom Brennan is or may be responsible, or against any of the property of Brennan, including the John Deere 470G excavator or the Flexifloat barges, to recover damages caused by or resulting from said incident, injuries, or damages, or in respect of any claim or claims arising out of or resulting from said incident, injuries, or damages, shall be enjoined until the hearing and determination of this proceeding;

      d)     This Court, upon written motion, will enter an Order directing the issuance of a notice to all persons claiming damages for any and all loss, injuries, damages, or expenses caused by or resulting from the aforesaid incident, citing them and each of them to appear and make due proof of their respective claims, and all to appear and answer the allegations of this Complaint on or before a date set forth in said Notice;

      e)     This Court in this proceeding will adjudge that:

      (i)     Brennan, the John Deere 470G excavator, and the Flexifloat barges are not liable to any extent for any loss, injury, or damages, nor for any claims whatsoever in any way arising out of or in any consequence of the incident alleged in this Complaint, and, therefore, Brennan, the John Deere 470G excavator, the Flexifloat barges, and whatever other vessel is appropriate are entitled to a decree of exoneration in this matter;

      (ii)     If Brennan shall be adjudged liable to any extent in the premises, then the liability of Brennan shall be limited to the value of its interest in the John

Deere 470G excavator and Flexifloat barges or other appropriate vessel immediately following Helser's injury, and that a decree be entered discharging Brennan, the John Deere 470G excavator, the Flexifloat barges, and other appropriate vessel from all further liability and further enjoining the filing and prosecution of any claim against Brennan and/or the John Deere 470G excavator or Flexifloat barges or other vessel related to the incident alleged in this Complaint; and

f. Brennan may have such other and further relief as may be just and proper.

Respectfully submitted,

**Burke and Thomas, PLLP**

By /s/ *Richard Thomas*
Richard Thomas (#1006791)
3900 Northwoods Drive, Suite 200
St. Paul, MN 55112
Telephone: (651) 490-1808
Facsimile: (651) 490-1872
thomas@burkeandthomas.com

Attorneys for Plaintiff J.F. Brennan Co., Inc.

GOLDSTEIN and PRICE, L.
and Robert Nienhuis
One Memorial Dr., Suite 1000
St. Louis, Missouri 63102
Telephone: (314) 516-1700
robert@gp-law.com

Of counsel for Plaintiff

6

7