UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF THE COMPLAINT
OF J. F. BRENNAN COMPANY, INC.,
EXONERATION FROM,
OR LIMITATION OF, LIABILITY.                    Case No. 19-C-1402

## ORDER

J.F. Brennan Company, Inc. initiated this maritime action when it filed a complaint seeking exoneration from, or limitation of, liability under the Limitation of Shipowners' Liability Act (the Act), 46 U.S.C. § 30501 *et seq.*, as governed by Rule F of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure. The court hears limitation proceedings commenced pursuant to the Act under its admiralty jurisdiction, conferred by 28 U.S.C. § 1333(1). Presently before the court are a series of motions filed by the parties to this limitation proceeding.

## BACKGROUND

Brennan, as owner and/or operator of a John Deere 470G excavator and a floating work platform comprised of 11 sectional Flexifloat barges, has sought exoneration from, or limitation of, liability for claims arising out of an incident that occurred on the Fox River on March 25, 2019 (the Incident). On October 8, 2019, Brennan requested the court: (1) approve its letter of undertaking (in the amount of $535,000.00) as security for the value of its interest in the vessel involved in the Incident (to satisfy 46 U.S.C. § 30511 and Rule F); (2) direct Brennan to issue a notice in the Green Bay Press Gazette for four consecutive weeks advising that any claim with respect to the Incident must be filed with the court by December 15, 2019; and (3) stay all suits,

actions, or legal proceedings against Brennan arising out of the Incident (other than the present action in this court) given that security was posted. Dkt. No. 8. The court entered these orders on October 10, 2019. Dkt. Nos. 10, 11.

Before the December 15, 2019 deadline, Jeffrey Helser filed a claim, stating that he was severely injured during the Incident. Dkt. No. 14. On December 16, 2019, Brennan filed its initial third-party complaint against Brooks Tractor Incorporated, alleging that it is liable for damages suffered by Helser and Brennan, and a counterclaim against Helser. Dkt. Nos. 15, 16. Once Brooks filed an answer to Brennan's complaint (in addition to a cross-claim against Brennan), the court placed this matter on its calendar for a Rule 16 scheduling conference with the parties. Before the Rule 16 conference, Helser filed two motions to dismiss (Dkt. Nos. 23 and 32), a stipulation (Dkt. No. 30) supporting his motion to dissolve the injunction invoked under the Act, and a motion to strike (Dkt. No. 34) information provided by Brennan that identifies Brooks as a claimant.

At the court's Rule 16 conference, the court directed Brennan to respond to Helser's motion to dismiss by February 23, 2020, and Helser to reply by March 2, 2020. Dkt. No. 35. After the Rule 16 conference, Helser filed a motion to dismiss (Dkt. No. 39) Brennan's counterclaim against Helser, which Brennan subsequently moved to dismiss without prejudice (Dkt. No. 53). Meanwhile, Pierce Pacific Manufacturing, Inc., made its initial appearance in this action and sought leave to file a claim and an answer in the limitation proceeding (Dkt. No. 47). Pierce's motion was unopposed by Brennan (Dkt. No. 54) and contested by Helser (Dkt. No. 55). Most recently, Brennan has sought leave to amend its third-party complaint (Dkt. No. 58) and its initial complaint (Dkt. No. 61) in this proceeding.

2

## ANALYSIS

The court will first address Brennan's request for leave to file an amended complaint and an amended third-party complaint. Dkt. Nos. 58, 61. When evaluating a motion for leave to amend a complaint under Fed. R. Civ. P. 15(a)(2), courts "freely give leave when justice so requires." *Alioto v. Town of Lisbon*, 651 F.3d 715, 719 (7th Cir. 2011). Under Rule 15(a), "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Arreola v. Godinez*, 546 F.3d 788, 796 (7th Cir. 2008). None of these reasons are present here. And Brennan's claims, as an alleged vessel owner, under the Act strongly favor granting it leave to amend, particularly as Congress intended the Act's "primary purpose" to be the limitation of liability afforded vessel owners thereunder. *See In re Illinois Marine Towing, Inc.*, 498 F.3d 645, 651 (7th Cir. 2007) (citing *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 453 (2001)). A related, though perhaps secondary, aim of a limitation proceeding is to identify those party to the concursus (an aim that becomes more important if the amount claimed exceeds the value of the vessel, *see Lake Tankers Corp. v. Henn*, 354 U.S. 147, 154 (1957)). In this respect, Brennan's amended complaints are not futile as they relate to each party now identified as a claimant in this action, including the most recent party to seek entry, Pierce. Finally, as this proceeding remains in its early stages, the court finds no reason to deny Brennan leave to amend.

The filing of an amended complaint typically renders moot any pending motion to dismiss. *See,* e.g., *Lim v. Central DuPage Hosp.*, 972 F.2d 758, 762 (7th Cir. 1992) (noting trial judge's denial of a pending motion to dismiss as moot in light of an amended complaint); *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008) ("When an amended complaint is filed, the prior

3

pleading is withdrawn and the amended pleading is controlling."); *Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004) ("It is axiomatic that an amended complaint supersedes an original complaint and renders the original complaint void."). Accordingly, Helser's pending motions to dismiss (Dkt. Nos. 23 and 32) will be denied as moot. The court will also grant Brennan's motion to withdraw its counterclaim against Helser without prejudice thereby rendering moot Brennan's motion to dismiss this counterclaim (Dkt. No. 39) as well.

The court also considers Helser's motion to strike certain information identified by Brennan. Dkt. No. 34. Helser states that counsel received by mail "Plaintiff's Information to Claimant's Pursuant to Rule F(6)" on or about January 31, 2020, which identified Brooks as a claimant. *Id.* Rule F(6) of the Supplemental Rules of Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure provides that

> 30 days after the date specified in the notice for filing claims, or within such time as the court thereafter may allow, the plaintiff shall mail to the attorney for each claimant (or if the claimant has no attorney to the claimant) a list setting forth (a) the name of each claimant, (b) the name and address of the claimant's attorney (if the claimant is known to have one), (c) the nature of the claim, i.e., whether property loss, property damage, death, personal injury etc., and (d) the amount thereof.

In addition to asking the court to strike communication sent by Brennan's counsel pursuant to this rule, Helser's motion to strike also asks that the court designate Helser as the single claimant in this proceeding. Dkt. No. 34 at 6. By the time Helser had filed his motion to strike, Brooks had already filed a claim against Brennan in this court on January 7, 2020. Dkt. No. 21. This motion to strike appears to be Helser's attempt to "designate" Helser as the sole claimant and belatedly move to oppose Brooks' entry into this action by asking the court to strike documentation identifying Brooks as a claimant pursuant to Rule F(6)—attorney communication that was not even initially filed with the court. *See* Dkt. No. 34-12. This was not the appropriate method to designate Helser as a single claimant nor object to Brooks' entry into this proceeding as Brennan

4

had already filed a third-party complaint against Brooks in this court in December 2019. Dkt. No. 15. Not only does Rule F(6) allow the court to grant additional time for the notice to be mailed, Brennan's amended third-party complaint—by naming Brooks therein—again renders Helser's arguments moot as Brooks, as a third-party defendant, could assert a counterclaim, indemnity, contribution, or other claims against Brennan. The motion to strike will be denied.

Next, the court addresses Pierce's request for leave to file an answer and claim. In this situation, the Seventh Circuit does not require Pierce to show good cause: "late claimants in admiralty proceedings need not show 'good cause' . . . the 'cause' required in this context is minimal; an explanation rather than a justification for the delay will suffice." *Alter Barge Line, Inc. v. Consol. Grain & Barge Co.*, 272 F.3d 396, 397 (7th Cir. 2001) (internal citations omitted).

Helser disputes that cause exists to grant Pierce leave to file a late claim after the December 15, 2019 deadline expired. Pierce explains that its delay was due to its efforts to resolve claims against it through mediation and argues that no party will be prejudiced by its late entry. Dkt. No. 48 at 8. Helser, in his own untimely opposition to Pierce's motion (*see* Civil L.R. 7(b) (". . . any memorandum and other papers in opposition must be filed within 21 days of service of the motion.")), argues that Pierce intentionally ignored the court's December deadline. Helser also asserts that Pierce should have known by the deadline that mediation was no longer a consideration and that Pierce's "gamesmanship" will cause Helser prejudice. Dkt. No. 55 at 4, 12. For its part, Pierce disputes that its offer of pre-litigation mediation was ever formally rejected by Helser. Dkt. No. 48 at 8.

Helser's failure to file a timely brief in opposition is sufficient grounds for the court to grant Pierce's motion as a sanction for his noncompliance. *See* Civil L.R. 7(d). Regardless, Pierce has provided an explanation as to why its claim was filed after the deadline. Moreover, the court

5

has learned—through a copy of the complaint attached to Brennan's filings—that days before this court's hearing on February 7, 2020, Helser filed suit against Pierce (as well as other parties) in Cook County Circuit Court. Dkt. No. 37 at 10; Dkt. No. 37-1. Surely, Helser was well aware that Pierce (or others) might seek entry into this limitation proceeding at that point. In any event, the Seventh Circuit has explicitly stated that an explanation is sufficient to allow Pierce's entry. Pierce has submitted an explanation and its motion for leave will be granted.

Lastly, Helser's and Brooks' "stipulations" to dissolve the injunction and request to stay this proceeding are also rendered moot by the amended complaint and Pierce's entry into this action. Dkt. Nos. 31, 41. Helser's first stipulation was signed only by him; the second stipulation was signed by Helser and Brooks. *Id.* As there are now three claimants in this proceeding, the court will not consider a stipulation that effectively amounts to a partial dissolution of the injunction issued pursuant to the Act. *See In re Complaint of Holly Marine Towing, Inc.*, 270 F.3d 1086, 1090 (7th Cir. 2001).

## CONCLUSION

**IT IS THEREFORE ORDERED** that Brennan's motions for leave to file a first amended third-party complaint and first amended complaint (Dkt. Nos. 58 and 61) are **GRANTED**. The Clerk is directed to efile the complaints attached thereto.

**IT IS FURTHER ORDERED** that Pierce's motion (Dkt. No. 47) for leave to file an answer and claim is **GRANTED**.

**IT IS FURTHER ORDERED** that Helser's motions to dismiss (Dkt. Nos. 23 and 32) and Brennan's motions for leave to file a sur-reply (Dkt. No. 43) and for a hearing (Dkt. No. 45) are **DENIED** as moot.

**IT IS FURTHER ORDERED** that Helser's motion to strike (Dkt. No. 34) is **DENIED**.

**IT IS FURTHER ORDERED** that Helser's and Brooks' stipulations (Dkt. Nos. 30 and 41) to dissolve the injunction are **DENIED**.

**IT IS FURTHER ORDERED** that Brennan's motion to dismiss its counterclaim (Dkt. No. 53) against Helser without prejudice is **GRANTED** and Helser's motion to dismiss said counterclaim (Dkt. No. 39) is **DENIED** as moot.

Dated at Green Bay, Wisconsin this 22nd day of July, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge