UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF THE COMPLAINT
OF J.F. BRENNAN COMPANY, INC.,
FOR EXONERATION FROM,                            Case No. 19-C-1402
OR LIMITATION OF, LIABILITY

**ORDER GRANTING MOTION TO DISMISS**

This case arises under the Court's admiralty and maritime jurisdiction. Claimant Jeffrey Helser was severely injured on March 25, 2019, while working for J.F. Brennan Co., Inc., preparing equipment that would be used in dredging the Fox River in Brown County, Wisconsin. Helser's arm was crushed by a 6,000 pound counterweight he was helping install on the John Deere excavator that was to be placed on Brennan's dredging vessel. Helser subsequently notified Brennan that he would be bringing claims against Brennan under the Jones Act, 46 U.S.C. § 30104.

In anticipation of Helser's suit, Brennan filed a complaint in this court for exoneration from or limitation of liability under the Limitation of Liability Act, 46 U.S.C. § 30505, on September 25, 2019. In accordance with Supplemental Admiralty and Maritime Rule F, the Court entered an order approving security in the amount of $535,000 to be paid into Court by Brennan and directing that any person with a claim for the events of March 25, 2019, file a claim with the Court on or before December 15, 2019. The Court also enjoined the filing or prosecution of any suits against the respondent related to the incident. On November 26, 2019, Helser filed a claim for damages in the amount of $20 million on theories of Jones Act negligence and general maritime law unseaworthiness. On December 16, 2019, Brennan filed a third-party complaint against Brooks Tractor Incorporated, from which Brennan had purchased the John Deere excavator, alleging that Brooks was liable for Helser's injuries under theories of negligence and product liability. On the

same day, Brennan also filed a counterclaim against Helser for a declaratory judgment seeking a determination that (a) the John Deere excavator was not a vessel or appurtenance of a vessel, in navigation as defined by General Maritime Law and (b) Helser failed to qualify as a seaman under the Jones Act and General Maritime Law.

After a flurry of additional filings, Brennan filed an amended third-party complaint in which it added a claim against Pierce Pacific Manufacturing, Inc., which designed and manufactured the allegedly defective John Deere excavator and counterweights. Brennan also filed a first amended complaint in which it added as Count II a claim for declaratory relief in which it seeks essentially the same relief requested in its counterclaim against Helser for a declaratory judgment. The case is before the Court on Helser's motion to dismiss Count II. For the following reasons, Helser's motion is granted.

Helser argues that Count II of Brennan's amended complaint should be dismissed because the counterclaim consists of contentions and defenses to the limitation proceeding and pre-emptive defenses to any Jones Act claims that Helser would file in state court. The Court agrees. "It is well settled . . . that a declaratory judgment may be refused where it would serve no useful purpose, . . . or would not finally determine the rights of the parties, . . . or where it is being sought merely to determine issues which are involved in a case already pending and can be properly disposed of therein . . . ." *Yellow Cab Co. v. City of Chicago*, 186 F.2d 946, 950–51 (7th Cir. 1951) (internal citations omitted). That is precisely the case here. Whether the question of liability is tried in state or federal court, the issues as to which Brennan seeks declaratory relief are implicit in the very claims Helser has asserted and would be decided by the court or jury in the normal process of deciding those claims. Under these circumstances, a claim for declaratory relief is

redundant and only serves to complicate the case. Helser's motion to dismiss Count II of Brennan's amended complaint (Dkt. No. 76) is therefore **GRANTED**.

**SO ORDERED** at Green Bay, Wisconsin this 12th day of February, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge