UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN THE MATTER OF THE COMPLAINT
OF J.F. BRENNAN COMPANY, INC.,
FOR EXONERATION FROM,                                Case No. 19-C-1402
OR LIMITATION OF, LIABILITY

**ORDER GRANTING MOTION TO LIFT STAY**

This case arises under the Court's admiralty and maritime jurisdiction. 28 U.S.C. § 1333. Claimant Jeffrey Helser was employed as a leverman by J.F. Brennan Co. when he was severely injured while preparing equipment that was to be used for dredging operations on the Fox River in Green Bay, Wisconsin. After Helser notified Brennan that he would be pursuing claims under the Jones Act, 46 U.S.C. § 30104, Brennan filed this complaint for exoneration from, or limitation of, liability under the Limitation of Liability Act (Limitation Act), 46 U.S.C. § 30505, which, subject to certain exceptions, limits the liability of a shipowner sued in tort to his investment in the ship and its freight. In accordance with Supplemental Admiralty and Maritime Rule F, the Court entered an order approving security in the amount of $535,000 to be paid into Court by Brennan and directing that any person with a claim for the events of March 25, 2019, file a claim with the Court on or before December 15, 2019. The Court also enjoined the filing or prosecution of any suits against Brennan related to the incident.

On November 26, 2019, Helser filed a claim for damages in the amount of $20 million on theories of Jones Act negligence and general maritime law unseaworthiness. On December 16, 2019, Brennan filed a third-party complaint against Brooks Tractor Incorporated, from which Brennan had purchased the John Deere excavator, alleging that Brooks was liable in contribution

for Helser's injuries under theories of negligence and product liability.  In the meantime, Helser filed a state court action in Cook County, Illinois in which he named as defendants Tetra Tech, Inc., the general contractor on the Fox River PCB remediation project on which Brennan was working; Deere & Company, the manufacturer of the excavator; and Pierce Pacific Manufacturing Inc.  The case is now before the Court on Helser's motion to lift the injunction against other actions against Brennan and allow him to pursue his claims in state court under the "savings to suitors" clause of 28 U.S.C. § 1333(1).  Dkt. No. 80.  For the reasons that follow, the Court will grant Helser's motion to lift the stay and dissolve the injunction.

## LEGAL STANDARD

The Limitation Act "was adopted primarily to encourage the development of American merchant shipping." *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 150 (U.S. 1957).  Toward that end, it provides that a shipowner's liability for acts done "without the privity or knowledge of owner" shall be limited to the "value of the vessel and pending freight." 46 U.S.C. §§ 3505(a), (b). Where the claims against the shipowner exceed the value of the vessel and its cargo, the Act provides a mechanism for all of the claims to be heard by the court in an equitable proceeding called a concursus in which the court determines the value of the competing claims and apportions the limitation fund between the claimants, as in an interpleader action.  *Maryland v. Cushing*, 347 U.S. 409, 415–17 (1954).  "The Limitation Act requires that all claims and proceedings against the shipowner related to the loss 'cease' while the federal courts determine whether the shipowner has a right to limited liability." *American River Transp. Co. v. Ryan*, 579 F.3d 820, 822 (7th Cir. 2009) (*American River*) (citing 46 U.S.C. § 30511(c)).

However, the Limitation Act "must be interpreted in conjunction with the 'savings to suitors' clause in 28 U.S.C. § 1333(1), which reserves to suitors in admiralty or maritime cases

2

their common-law remedies." *Id.* at 825. Such common-law remedies include the right to pursue a claim in state court and the right to a jury trial. *In re Illinois Marine Towing, Inc.*, 498 F.3d 645, 650 (7th Cir. 2007) (*Illinois Marine Towing*). There is thus an inherent tension between the "savings to suitors" clause and § 30511(c) because claimants have no right to a jury trial in admiralty actions in federal court. *In re McCarthy Brothers Co.*, 83 F.3d 821, 826–27 (7th Cir. 1996) (*In re McCarthy*).

The Supreme Court has determined that in light of this conflict between the public interest in protecting the shipping industry reflected in the Limitation Act and the strong interest in preserving common law remedies for injured parties underlying the "savings to suitors" clause of § 1333(1), district courts have discretion to allow a case to proceed in state court if certain conditions are met. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 454 (2001). A district court should dissolve a Limitation Act injunction and allow the state-court action to proceed where the protections of the Limitation Act can be otherwise maintained. Courts have identified two exceptions where the protections afforded by the Limitation Act can be met: (1) the "single claimant" exception and (2) the "adequate fund" exception. *See Lake Tankers Corp. v. Henn*, 354 U.S. 147, 154 (1957); *Langnes v. Green*, 282 U.S. 531, 541 (1931); *see also Illinois Marine Towing*, 498 F.3d at 650. The "single claimant" exception exists when there is only a single claimant asserting its claim(s) against the shipowner. In *Langnes*, the Supreme Court held that where there is only one claimant, there is no need for the "peculiar and exclusive jurisdiction of an admiralty court," and the district court should allow the action to proceed in state court, while retaining exclusive jurisdiction over the question of liability limitation. 282 U.S. at 542. The "adequate fund" exception is not at issue in this case.

3

Even in multiple-claimant cases, a district court may dissolve the injunction prohibiting state court lawsuits where the value of the combined claims exceed the value of the vessel, provided the claimants "form adequate stipulations that ensure that all limitation issues will be decided in federal court." *Illinois Marine Towing*, 498 F.3d at 652. Stated another way, "proper stipulations can transform multiple claims into a single claim for purposes of determining liability in state court." *Id.* Under those circumstances, "a vessel owner's rights are preserved and a concursus is unnecessary." *Id.* at 652. The Supreme Court and the Seventh Circuit have upheld dissolutions of injunctions where claimants' stipulations adequately protected vessel owners' rights. *See, e.g.*, *Lewis*, 531 U.S. at 455; *Illinois Marine Towing*, 498 F.3d at 652, 654; *In re McCarthy*, 83 F.3d at 832.

## ANALYSIS

Helser contends that the Court should dissolve its Stay Order because this action is subject to the single-claimant exception to the Limitation Act. Helser asserts that he is the only known claimant for the events of March 25, 2019, and he has waived any claim of *res judicata* against Brennan based on a state court decision or judgment with respect to issues arising under the Limitation Act. In addition, Helser initially stipulated that he would not seek to enforce any state court decision or judgment on any claim subject to limitation under the Act which exceeds the value of the limitation fund as determined by the Court. Dkt. No. 30 at 2. More recently, potential third-party contribution claimants Brooks and Pierce have also waived any claim of *res judicata* respecting any limitation of liability issues as might arise in any state court or other proceeding based upon the March 25, 2019, incident and have stipulated that they would not seek a recovery in excess of the limitation fund determined by the Court.

Despite these stipulations, Brennan contends that the stay should not be lifted. Brennan initially argued in opposition to Helser's motion that the stipulations by Helser, Brooks, and Pierce were insufficient because they failed to take into consideration the potential contribution claims of Tetra Tech and Deere, whom Helser had sued in state court in Cook County, Illinois. Dkt. No. 81 at 2. Absent a stipulation by either of those parties, Brennan argued, it still faced the potential of claims arising out of the incident that would subject it to liability in excess of the limitation allowed under the Act. At the hearing on the motion to lift the stay, however, counsel for Helser advised the Court that he had voluntarily dismissed the Cook County action against Tetra Tech and Deere. Although the dismissal was without prejudice, counsel stated he had no intention of refiling the suit and was committed to filing suit against Brennan, Brooks, and Pierce in state court in Wisconsin. Dkt. No. 84 at 5:02–25. Since no contribution claims by any parties other than Brooks and Pierce were then in existence, Helser argued the stay must be lifted.

But that is not the law. Where there are potential contribution claims from third parties that have not signed a stipulation agreeing to limitation of their claims, the court must determine whether the shipowner's rights are nonetheless adequately protected. *Holly Marine Towing*, 270 F.3d at 1090. Notwithstanding Brennan's contention that potential contribution claims by at least Deere and Tetra Tech remain, however, the Court is satisfied that Brennan is adequately protected.

In support of his motion to lift the stay, Helser has agreed that this Court has "exclusive jurisdiction to determine the value of the limitation fund" under the Act. Dkt. No. 80-2 at 2, ¶ 3. Helser also agreed to the following stipulation:

> That Claimants concede and agree that should a judgment be obtained on behalf of the Claimants in any state court or other proceeding against J.F. Brennan Company, Inc. and/or other liable parties who may cross-claim or claim over against J.F. Brennan Company, Inc. and if the United States District Court for the Eastern District of Wisconsin determines that Limitation of Liability is appropriate and establishes a limitation fund and said judgment(s) is/are in excess of the value of

5

said limitation fund, in no event will Claimants seek to enforce said excess judgment(s) insofar as same may expose J.F. Brennan Company, Inc to liability in excess of the limitation fund.

*Id.* ¶ 5. This language is sufficient to provide Brennan the protection to which it is entitled under the Limitation Act. In essence, Helser has agreed that if he obtains a judgment in "any state court or any other proceeding" against Brennan, and any other parties who may be liable, that exceeds the limitation fund determined by the Court, he will not seek to enforce the judgment in such a way as to expose Brennan to liability in excess of the limitation fund determined by the Court. Since all other potential claims are derivative from Helser's, this is sufficient to protect Brennan's rights under the Liability Act.

The Second Circuit found essentially the same language adequate to protect the shipowner in *In re Dammers & Vanderheide & Scheepvaart Maats Christina B.V.*, 836 F.2d 750 (2d Cir. 1988). There, the claimant stipulated that "in the event there is a judgment or recovery in *any* State Court *actions* in excess of [limitation fund] whether against the plaintiffs or any other liable parties who may cross-claim or claim over against the plaintiffs, in no event will claimant . . . seek to enforce excess judgment or recovery insofar as same may expose plaintiffs to liability in excess of [limitation funding] pending the adjudication of Limitation of Liability in the District Court." *Id.* at 759. The court concluded that the stipulation embodied the claimants' intention that the shipowners shall not, in any set of circumstances, be exposed to liability in excess of the limitation fund. *Id.* "Given this concession," the court agreed that the district court acted properly in allowing the claimant to seek redress in state court even though the potential third-party claimants had not signed any stipulations. *Id.* "As long as the admiralty court can effectively ensure that a shipowner will not face liability in excess of the limitation fund, it must take all steps necessary to

6

assure that claimants are allowed to pursue their common law remedies in accordance with the 'saving to suitors' clause." *Id.*

The Eleventh Circuit reached the same conclusion in *Beiswenger v. Carletta*, 86 F.3d 1032 (11th Cir. 1996). In that case, the claimant submitted the following stipulation:

> That the Respondent/Claimants will not seek to enforce any judgment rendered in any state court, whether against the Petitioner or another person or entity that would be entitled to seek indemnity or contribution from the Petitioner, by way of cross-claim or otherwise, that would expose the Petition [sic] to liability in excess of $40,090.00, until such time as this Court has adjudicated the Petitioner's right to limit that liability.

*Id.* at 1035. The court found that this stipulation cured the multiple claims problem presented by potential contribution or indemnification claimants. *Id.* at 1043. The court noted that any such contribution or indemnification claims against the shipowner were based solely on their liability to the injured claimants and that the injured claimants had promised not to enforce any state court judgment (which would expose the shipowner to liability in excess of the limit) against any party, including the shipowner's co-defendants, until the shipowner's right to limitation was adjudicated in the admiralty court. *Id.* "By giving up such claims unless and until limitation is denied," the court held, "[the injured claimants] have eliminated the possibility that competing claims will exhaust the limitation fund before the admiralty court has the opportunity to determine whether to grant limited liability to [the shipowner]." *Id.* at 1043–44. For these reasons, the court concluded that the stipulations entered by the injured claimants had converted the case into "the functional equivalent of a single claim case." *Id.* at 1044; *see also In re Spirit Cruises, LLC*, No. 10-cv-5438, 2011 WL 1838918 (N.D. Ill. May 12, 2011) (holding virtually identical stipulation provided adequate protection to Shipowner to protect rights under Liability Act, despite possibility of third-party claims for indemnification or contribution).

7

Case 1:19-cv-01402-WCG   Filed 02/16/21   Page 7 of 8   Document 89

The same conclusion follows here. Helser's stipulation preserves all of the protection to which Brennan is entitled under the Limitation Act. In addition to the above quoted stipulation, Helser has agreed that this Court has exclusive jurisdiction over all limitation of liability issues which arise from the incident of March 25, 2019 . . . ." Dkt. No. 80-2 at 1, ¶ 1. Under these circumstances, Helser's motion to dissolve the injunction enjoining him from commencing any action against Brennan for injuries he sustained in the March 25, 2019, accident (Dkt. No. 80) is **GRANTED**, except that a stay of entry of judgment and enforcement of any recovery achieved in any state-court or other proceeding pending the outcome of this limitation proceeding is entered. The Clerk is directed to administratively close this case. The parties are directed to notify this court of the status of any other proceedings on August 1, 2021, and each six months thereafter.

**SO ORDERED** at Green Bay, Wisconsin this 12th day of February, 2021.

s/ William C. Griesbach
William C. Griesbach
United States District Judge